## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |  |
|---|---|---|
| Darryl Garte Wise, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15cv1705 (LMB/TCB) |
| | ) | |
| Eric D. Wilson, <u>et al.</u>, | ) | |
| Defendants. | ) | |

JAN - 6 2017

CLERK, U.S. DIST. ...
ALEXANDRIA, VIRGINIA

### MEMORANDUM OPINION

Darryl Garte Wise, a former federal inmate proceeding <u>pro se</u>, has filed a civil rights

action, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403

U.S. 388 (1971).  On September 13, 2016, defendants filed a Motion to Dismiss along with a

supporting brief, exhibits, and the notice required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th

Cir. 1975) and Local Rule 7K; however, these documents were sent to plaintiff's old address.

Dkt. No. 45.  By an Order dated November 2, 2016, plaintiff was sent a copy of the documents

listed above and granted twenty-one (21) days to file a response.  Dkt. No. 48.  Plaintiff filed a

Response to Defendants' Motion to Dismiss on November 23, 2016.  Dkt. No. 50.  Defendants

filed a Reply Memorandum in Support of Defendants' Motion to Dismiss.  Dkt. No. 51.

Although the certificate of service on defendants' reply memorandum states the pleading was

sent to plaintiff's old address, it appears as though plaintiff received a copy of the reply as

plaintiff filed a surreply.  Dkt. No. 52.  This matter is now ripe for adjudication.  For the reasons

that follow, defendants' Motion to Dismiss will be granted and this matter will be dismissed.

### I. Background

In his complaint, plaintiff asserts the following allegations which, for purposes of the

Motion to Dismiss, will be taken as true.

### A. Claim One

On October 28, 2013, plaintiff was falsely accused of groping another inmate, Lee Smith. Continuation to Compl. at 2. As a result, plaintiff was placed in the special housing unit (SHU) and was informed that inmate Smith was also placed in the SHU pending investigation. Id. After plaintiff was cleared of the allegation and released from the SHU, plaintiff learned that inmate Smith had not been sent to the SHU or penalized for filing a false report, despite the fact that the Inmate Handbook states that inmates will be penalized for knowingly filing a false report. Id. Deputy Captain Gradiska told plaintiff that he knew that inmate Smith lied when he filed the report and instructed plaintiff to file a complaint. Id. On November 15, 2013, plaintiff "filed a Prison Rape Elimination Act (PREA) complaint ... against inmate Lee Smith...." Id. When plaintiff followed up with Gradiska about his complaint, plaintiff was told to not approach Gradiska again and that Gradiska would let plaintiff know whenever he found anything out. Id. at 3. Plaintiff then approached Warden Wilson regarding the complaint, but Warden Wilson told him that he was unable to discuss the matter with plaintiff. Id.

Plaintiff filed several BP-9 forms between December 3, 2013, and March 18, 2014. Id. at 3-4. Plaintiff appealed the rejection of his last grievance to the Mid-Atlantic Regional Office, where his appeal was denied. Id. Plaintiff then sent a copy of his PREA complaint to the Office of Inspector General at the Department of Justice which first rejected the appeal and then concurred with the responses of Warden Wilson and the Regional Office. Id. Plaintiff's PREA complaint was never properly investigated or responded to, causing plaintiff anxiety attacks and trust issues with the administration. Id. at 5-6.

### B. Claim Two

During the week of August 24, 2014, plaintiff reported that his cellmate, inmate Jack Labrosse, was masturbating in their cell while plaintiff was present. Id. at 6. Officer McDowell went to plaintiff's cell and Labrosse was sent to the lieutenant's office. Id. Fifteen minutes later, Labrosse returned to the unit without being disciplined. Id. Plaintiff spoke with Lieutenant Clements about being exposed to Labrosse's behavior and was told that "this would not be considered a PREA issue," whether it was directed at plaintiff or not. Id. The next day, plaintiff reported the incident to Counselor Price who told plaintiff that he would be moved to another cell. Id. at 7. Plaintiff was not moved after one week, at which point Unit Manager Vukelich stated she would speak with Counselor Price to make sure plaintiff was moved. Id.

On September 21, 2014, inmate Labrosse repeated his behavior. Id. Plaintiff reported the behavior to Officer McDowell who returned to plaintiff's cell with plaintiff. Id. Plaintiff entered the cell and told Labrosse to "get out," after which Labrosse threw a chair at plaintiff, which plaintiff caught and threw to the side. Id. Plaintiff was later taken to the SHU and served an incident report for fighting. Id.

### C. Claim Three

Plaintiff's initial incident report for fighting was delivered on September 22, 2014. Id. at 9. It was then re-written on October 11, 2014, and again on October 12, 2014. Id. The final version of the report was fabricated and forged, as it is totally different from the previous reports, and plaintiff was never interviewed regarding the final re-write. Id. at 10. Lieutenant Ritchey and Officer McDowell informed plaintiff that they had no knowledge of the final version of the report, even though their signatures were on it. Id. Plaintiff informed Captain Dawson about this, but "she rejected [plaintiff's] claim." Id. Plaintiff believes "these actions were taken in

3

retaliation for speaking out against the Administration's failure to adhere to the Sexually

Abusive Behavior Prevention and Intervention Program ... policy[] when reporting sexual

abusive behavior." Id. at 8 (emphasis omitted).  For example, the regional office's response to

plaintiff's PREA complaint indicates that the acting administrator knew that plaintiff was going

to be found guilty and disciplined before his disciplinary hearing occurred. Id. at 11-12.

Plaintiff was confined in the SHU for thirty-three (33) days before seeing a disciplinary

hearing officer (DHO) and then waited sixty-eight (68) working days before being able to start

his appeal process. Id. at 9.  Plaintiff alleges that the DHO did not listen to his evidence and was

only interested in knowing if plaintiff had thrown a chair, which plaintiff admitted he did, but

argues about "how it was described in the report." Id. at 11.  Specifically, plaintiff claims that

Labrosse "threw a chair towards [plaintiff] which [he] caught and tossed to the side." Id.

Plaintiff also admitted to the Unit Discipline Committee that he "threw a chair towards"

Labrosse. Id. at Ex.R.

Plaintiff has named Warden Wilson, Counselor Price, Captain Dawson, Unit Manager

Vukelich, Deputy Captain Gradiska, Lieutenant Richey, Officer McDowell, and Hearing Officer

Bennett as defendants. Id. at 1.  Plaintiff seeks a court order expunging the conviction of

fighting from his disciplinary record, restoring 27 days of good time credit, changing his housing

status to the appropriate custody level, as well as reimbursement of court filing fees and

monetary damages in the amount deemed appropriate. Id. at 14.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations

which fail "to state a claim upon which relief can be granted."  A court may dismiss claims based

upon dispositive issues of law. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The alleged

facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 55.

On the other hand, where, as here, a complaint is filed by a prisoner acting pro se, it must be construed liberally no matter how unskillfully it is pleaded. Haines v. Kerner, 404 U.S. 519 (1972). A pro se litigant thus is not held to the strict pleading requirements demanded of attorneys. Estelle v. Gamble, 429 U.S. 97, 106–07 (1976); Figgins v. Hudspeth, 584 F.2d 1345 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). For these reasons, a court's "power summarily to dismiss a prisoner's pro se complaint is limited." Figgins, 584 F.2d at 1347.

### III. Analysis

#### A. Claims One and Two

In his Response to Defendants' Motion to Dismiss, plaintiff states that his first claim "is based upon ... defendants' failure to properly investigate plaintiff[']s complaint under the [PREA] and the failure to penalize an inmate for knowing filed [sic] a false PREA complaint against the plaintiff." Pl. Resp. to MTD at 2. Plaintiff goes on to argue that his second claim "is

5

also based upon the [PREA]" and that "defendants failed to protect [p]laintiff from being subjected to abusive behavior as outlined in the [PREA]." Id.

Claims One and Two will be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's argument that his first two claims arise under the PREA is of no moment because prisoners do not have a right to sue under the PREA. See De'Lonta v. Clarke, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) ("Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act."), aff'd sub nom. De'Lonta v. Pruitt, 548 F. App'x 938 (4th Cir. 2013).

In addition, plaintiff's argument that his first claim is based on defendants' failure to penalize another inmate fails because plaintiff has no constitutional right to have his complaint investigated or to have another prisoner prosecuted. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Rivera v. Dickenson, 2015 WL 5565273, at *4 (W.D. Va. Sept. 21, 2015) (holding prisoner "had no constitutional right to have a particular incident investigated or to have officers disciplined"). Accordingly, plaintiff is not entitled to relief on his claims invoking the PREA and Claims One and Two will be dismissed.

### B. Claim Three

Claim Three asserts a violation of plaintiff's right to due process in connection with the chair throwing incident. Specifically, he complains about the "numerous re-writes of the initial Incident Report, which delayed plaintiff's Discipline Hearing" and that the final incident report was "fabricated and forged" and "shows a cover-up by the defendants to conceal their failure to protect the plaintiff's PREA rights and to follow the procedures governing those rights." Pl. Resp. to MTD at 2-3.

6

The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving an individual of life, liberty, or property without due process of law. See, e.g., Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954). A prisoner's liberty interest is generally limited to being free from conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). Specifically, a prisoner has protection against the arbitrary imposition of punishment by prison officials. See Wolff v. McDonnell, 418 U.S. 539, 558 (1974). He thus has a protected liberty interest in the procedural protections provided in prison disciplinary hearings. In these hearings, an inmate's due process rights are satisfied when he receives advance notice of the charges against him, receives written findings of the outcome of the hearing, and is able to call witnesses on his behalf. Id. at 561-68.

Although a prisoner "has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), "there are exceptions to this rule." Cole v. Holloway, 631 F. App'x 185, 186 (4th Cir. 2016) (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) (holding that a disciplinary charge may be actionable under § 1983 if retaliatory)).

Plaintiff asserts that, in retaliation for filing complaints regarding defendants' alleged mishandling of his PREA complaint, the incident reports were rewritten to delay his disciplinary hearing and the final version of the incident report was "fabricated and forged." While these allegations, on their own, may be sufficient to state a claim for relief, plaintiff is not entitled to relief because his allegations in the complaint clearly establish that plaintiff admitted throwing a chair. Richardson v. Ray, 492 F. App'x 395, 396 (4th Cir. 2012) (holding that plaintiff failed to

7

state a claim for retaliation because "[a]bsent some evidence or claim that his disciplinary conviction was improperly obtained, [plaintiff's] assertions that the initial charge was false cannot state a claim") (citations omitted); <u>Moore v. Plaster</u>, 266 F.3d 928, 931 (8th Cir. 2001) ("[A] defendant may successfully defend a retaliatory-discipline claim by showing 'some evidence' that the inmate actually committed a rule violation.") (citations omitted).  Even if plaintiff's cellmate threw the chair first, there was no need for plaintiff to also throw it. Accordingly, plaintiff has failed to state a claim for retaliation.

Plaintiff also has not alleged that he did not receive written copies of the incident reports, that he did not receive written findings of the outcome of the hearing, or that he was unable to call witnesses on his behalf.  Therefore, plaintiff has failed to state a claim upon which relief can be granted and defendants' Motion to Dismiss will be granted as to Claim Three.

### IV. Conclusion

For the foregoing reasons, plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983 and defendants' Motion to Dismiss will be granted.  An appropriate Order shall issue.

Entered this ___6___ day of ___January___ 2017.

Alexandria, Virginia

_____ /s/ _____
Leonie M. Brinkema
United States District Judge